UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

DONNA SCOTT,                          )
                                      )
        Plaintiff,                    )  Civil Action No. 5:08-273-JMH
                                      )
v.                                    )
                                      )
                                      )
GARRARD COUNTY FISCAL COURT,          )  **MEMORANDUM OPINION & ORDER**
et al.,                               )
                                      )
        Defendant.                    )


                    **       **       **       **       **


        Defendants have filed a Motion to Dismiss For Lack of Subject
Matter Jurisdiction [DE 47], pursuant to Fed. R. Civ. P. 12(b)(1)
and (h)(3).

        In their Motion, they argue that this Court lacks subject
matter jurisdiction over Plaintiff's 42 U.S.C. § 1983 claim under
28 U.S.C. § 1331.  Defendants argument fails, however, since this
Court has jurisdiction over matters which arise under 42 U.S.C. §
1983, "a law [. . .] of the United States" as specified in 28
U.S.C. § 1331.  Further, under 28 U.S.C. § 1343, this Court has
jurisdiction "of any civil action authorized by law . . . [t]o
redress the deprivation, under color of any State law, statute,
ordinance, regulation, custom or usage, of any right, privilege or
immunity secured by the Constitution of the United States or by any
Act of Congress providing for equal rights of citizens or of all

-1-

persons within the jurisdiction of the United States." In other words, this Court has subject matter jurisdiction over Plaintiff's claim since she claims, using the mechanism provided for in 42 U.S.C. § 1983, that Defendants acted to deprive her of her property in violation of the Constitution and under color of state law. There is no merit to Defendants' argument that this Court has no subject matter jurisdiction over the matter before it.

However, Defendants do make a persuasive argument that Plaintiff cannot, at this time, state a claim under 42 U.S.C. § 1983 for deprivation of her property without due process or without just compensation under the Fifth and Fourteenth Amendments. Because Kentucky provides a remedy to Plaintiff for her alleged deprivation of property that appears to this Court to satisfy the requirements of procedural due process, the Court concludes that Plaintiff's claim is not ripe as she has not availed herself of that post-deprivation procedure and properly exhausted those remedies before seeking relief under 42 U.S.C. § 1983 from this Court. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194-95 (1985) (holding that, if state provides adequate procedure for seeking just compensation, plaintiff cannot bring a § 1983 action until remedies available in state court are utilized); "*Arnett v. Myers,* 281 F.3d 552, 562 (6th Cir. 2002) (*quoting Williamson*, 473 U.S. at 195) (stating that "[I]f a plaintiff has not pursued available state remedies, the case is not

ripe because 'the State's action ... is not 'complete' until the State fails to provide adequate compensation for the taking.'"); *Hammond v. Baldwin*, 866 F.2d 172, 179 (6th Cir. 1989) *Spanish Cove Sanitation, Inc. v. Louisville-Jefferson County Metro. Sewer Dist.*, 72 S.W.3d 918, 922 (Ky. 2002) (Keller, J., dissenting) (*citing Commonwealth, Dep't of Highways v. Davidson*, 383 S.W.2d 346, 348 (Ky. 1964)(recognizing availability of reverse condemnation actions under Kentucky law).

Plaintiff Scott has not averred that she availed herself of any process available to her in the Commonwealth. [*See* DE 1, Complaint, generally.] That said, in the midst of her Complaint, Plaintiff avers that there is "no adequate post-deprivation remedy afforded Plaintiff." [Compl. at ¶ 24.] Thus, the Court will require her to show cause why the Defendants' Motion to Dismiss should not be granted and, specifically, requests that she address the adequacy of the post-deprivation process and remedies identified by Defendants.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiff shall **SHOW CAUSE** within fourteen (14) days of the entry of this order why her claims should not be dismissed without prejudice for the reasons stated above; and

(2) that all briefing of other issues in this matter, including the issue of the ownership of Lanham Lane and its status as a private or county road, remains **STAYED** and **HELD IN ABEYANCE**

-3-

until Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 47] is resolved by the Court.

This the 6th day of May, 2010.



Signed By:

*__Joseph M. Hood__*

Senior U.S. District Judge