```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

|   |   |
|---|---|
| DONNA SCOTT, | ) |
| Plaintiff, | ) Civil Action No. 5:08-CV-273-JMH |
| v. | ) |
| GARRARD COUNTY FISCAL COURT, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

**       **       **       **       **

On January 20, 2012, the Court entered an Order, dismissing Plaintiff's takings and due process claims and ordering Plaintiff to show cause why her seizure and equal protection claims should not be dismissed without prejudice, as well. [DE 56]. On February 3, 2012, Plaintiff filed her response to the Court's Order. [DE 57]. The Court notes that Plaintiff devotes much of her response to issues that were resolved by the Court's January Order. Nevertheless, the Court has considered Plaintiff's response and now addresses her two remaining claims.

The Court first considers Plaintiff's equal protection claim. As already stated in the January, 2012 Show Cause Order, Plaintiff's complaint does not contain sufficient factual averments to state a "class of one" equal protection claim. [DE 56 at p. 14]. Plaintiff now argues that, in her May 2011 filing with this Court, she "pointed to affidavits and other evidence already in the

record," sufficient to state an equal protection claim. Even if Plaintiff's filings were construed as an amended complaint, however, Plaintiff has failed to identify sufficient facts upon which an equal protection claim can lie. Specifically, she has failed to aver that she was similarly situated, in all material respects, to others from whom she was treated differently. *See Braun v. Ann Arbor Charter, Twp.*, 519 F.3d 564, 575 (6th Cir. 2008). As a result, Plaintiff's equal protection claim will be dismissed.

Plaintiff argues that her Fourth Amendment claims should be allowed to proceed because they are distinct and separately cognizable from her previously dismissed takings claims. While the Court is not persuaded of the validity of Plaintiff's suggested approach, it is cognizant that other courts have concluded that a Fourth Amendment seizure claim may lie even where, because of a lack of ripeness, a Fifth Amendment takings claim cannot. *See Presley v. City of Charlottesville*, 464 F.3d 480 (4th Cir. 2006); *Severance v. Patterson*, 566 F.3d 490 (5th Cir. 2009). The Court finds that further briefing would assist it in making a determination with respect to this issue.

Accordingly, **IT IS ORDERED:**

1) Plaintiff's equal protection claim is hereby **DISMISSED WITHOUT PREJUDICE**; and

2) Defendants shall file with the Court, within **fourteen (14)**

**days**, a **REPLY** to Plaintiff's Response to the Court's Show Cause Order, [DE 57]. Defendants' reply shall be limited to the sole issue of the continued viability of Plaintiff's Fourth Amendment claim regarding the seizure of Lanham Lane.

This the 6th day of February, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge