```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

|  |  |
|---|---|
| DONNA SCOTT, | ) |
| Plaintiff, | ) Civil Action No. 5:08-CV-273-JMH |
| v. | ) |
| GARRARD COUNTY FISCAL COURT, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court for consideration of various issues. On January 20, 2012, the Court entered an Order, requiring Plaintiff to show cause why her Fourth Amendment claim (with respect to Lanham Lane) and her Equal Protection claim should not be dismissed. [DE 56]. Plaintiff has responded, [DE 57], and upon the Court's order, Defendants have filed a reply. [DE 59]. The Court will also consider Defendants' motion seeking leave to withdraw or amend responses to Plaintiff's requests for admission, [DE 42], and Plaintiff's motion for an extension of time to complete discovery, [DE 44]. The Court being adequately advised, these matters are ripe for decision.

As the Court previously noted, the Fourth Amendment's protections against unreasonable seizures extend to real property under many circumstances. *See U.S. v. James Daniel Good Real Property,* 510 U.S. 43 (1993). That protection, however, is not

without limit. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. CONST. amend. IV. Courts have recognized that the Fourth Amendment's protection does not extend to real property beyond a home and its surrounding curtilage. *See, e.g., Oliver v. U.S.,* 466 U.S. 170, 173 (1984)(recognizing that real property such as "open fields" constitutes neither houses nor effects and is, therefore, not encompassed in Fourth Amendment's protections). Based on the record before the Court, it is clear that Lanham Lane does not fall within the curtilage of Plaintiff's home. The factors to be considered in making this determination are:

> (1) the proximity of the area claimed to be curtilage to the home; (2) whether the area is included within an enclosure surrounding the home; (3) the nature of the uses to which the area is put; and (4) the steps taken by the resident to protect the area from observation by people passing by.

*U.S. v. Jenkins,* 124 F.3d 768, 772 (6th Cir. 2011)(quoting *U.S. v. Dunn,* 480 U.S. 294, 301 (1987))(internal quotation marks omitted). Plaintiff's Complaint reveals that Lanham Lane is approximately 440 yards (1320 feet) from her residence. There is no suggestion that Lanham Lane is within an enclosure surrounding Plaintiff's home. Further, the nature of the uses to which Lanham Lane has been put contrasts with the private nature of a residence and its curtilage. Members of the community – including Plaintiff's neighbors to whom

she offered gate keys – have a long history of utilizing the lane. There is no indication that Plaintiff took steps to conceal the lane from passersby. Although this controversy stems from Plaintiff's decision to erect a gate across the lane, the gate's intended purpose was not to obscure the lane from observation, but rather to keep members of the community off of the property. Further, this action was taken only after a long history of public use of Lanham Lane. Based on the record, it is clear that Lanham Lane was never an "extension[]" of Plaintiff's home. *See Jenkins,* 124 F.3d at 772. Therefore, even if Lanham Lane is Plaintiff's private property, Defendants' "seizure" of it does not fall within the purview of the Fourth Amendment. Her Fourth Amendment claim with respect to Lanham Lane, therefore, must be dismissed.

On March 25, 2011, Defendants moved for leave to withdraw or amend certain responses to Plaintiff's requests for admission. [DE 42]. The request at issue read: "Admit that, even if now a part of a county road as *you* contend, *Lanham Lane* originally belonged to that tract of land now owned by Donna Scott." (emphasis in original). Defendants originally responded: "Deny. However, reasonable inquiry is ongoing and this Response will be supplemented when the investigation is completed." Two of the defendants, Garrard County and Fred Simpson, subsequently supplemented their original responses as follows: "Admit that the fee simple interest *in a portion of Lanham Lane* (formerly Road

3

District No. 37 and Scotts Fork Road) belongs to Donna Scott, but such portion is subject to the rights of the public to use same as a county road." For whatever reason, Defendant John Wilson served Plaintiff with a "supplemented" response that read exactly as the original. Defendants now seek to "conform all of the other Defendants' responses to that of Wilson," thus, striking their supplemental responses and returning them to their original state. As a basis for their motion, Defendants contend that further investigation, including consultation with an engineer and a surveyor, revealed the supplemental responses of Garrard County and Fred Simpson to be incorrect. For the following reasons, Defendants' motion will be granted.

> Rule 36(b) of the Federal Rules of Civil provides:
>
> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission . . . . [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits.

Fed. R. Civ. P. 36(b). The first prong of Rule 36(b) is satisfied when a request for admission "address[es] the core issues contested by the parties," *Lovejoy v. Owens,* 86 F.3d 1156, *2 (6th Cir. 1996)(unpublished opinion)(table), or when upholding the admission would "practically eliminate any presentation on the merits of the case." *Riley v. Kurtz,* 194 F.3d 1313, *3 (6th Cir. 1999)(unpublished opinion)(table)(quoting *Hadley v. U.S.,* 45 F.3d

4

1345, 1348 (9th Cir. 1995)).  Here, the admission goes to a core issue of the case – whether Plaintiff owns the property on which she erected a gate.  Plaintiff's ownership status with respect to the real property is integral to a resolution of her remaining Fourth Amendment claim.

   The prejudice described under Rule 36(b) "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission."  *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 154 (6th Cir. 1997)(quoting *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.,* 930 F.2d 1117, 1120 (5th Cir. 1991)).  That "the party who initially obtained the admission will now have to convince the fact finder of its truth" is not the type of obstacle that will bar withdrawal or amendment of an admission. *Id.* (citing *Brook Village N. Assoc. v. Gen. Elec. Co.,* 686 F.2d 66, 70 (1st Cir. 1982).  Were Defendants denied the opportunity to amend their admissions, Plaintiff would still be obligated to proffer evidence on this issue because her request did not specify what portion of Lanham Lane belongs to her.  Further, given the stay that has been placed on discovery up until this point, the Court is not persuaded that Plaintiff would be prejudiced by having to conduct discovery on this issue at this time.  Rule 36(b) underscores the importance of resolving an action on the merits, while avoiding prejudice to the requesting party.  Fed. R. Civ. P. 36 advisory committee's note

5

(1970). Because the risk of prejudice to Plaintiff is low and the request at issue goes to the heart of the dispute, Defendants' motion will be granted.

Finally, Plaintiff has moved the Court for an extension of time to complete discovery, [DE 44], contingent upon the Court's granting Defendants' motion to amend its responses to Plaintiff's requests for admission.  As an initial matter, the Court is prepared to recognize that damage to property, such as Defendants' removal of Plaintiff's gate, may constitute a seizure for the purposes of the Fourth Amendment. *See, e.g., Bonds v. Cox,* 20 F.3d 697 (6th Cir. 1994)(despite having no reasonable expectation of privacy with respect to certain property, owner could assert claim under Fourth Amendment because officers' damage rose to level of "meaningful interference" with owner's possessory interests in the property).  At this point, however, the Court takes note of what appear to be uncontested facts of importance concerning the purported seizure of Plaintiff's gate.  In June of 2007, Plaintiff installed a locking gate across Lanham Lane, which she contends is her private property.  On August 13, 2007, the issue of the gate was taken up at a meeting of the Garrard County Fiscal Court.  At the meeting, a host of individuals, including Plaintiff, were given time to speak.  Following the meeting, the Fiscal Court voted to have the gate removed based on its interference with long-standing public access to the lane.  According to Plaintiff, Defendant

6

Simpson and a non-party, acting at the direction of Defendant Wilson, then came onto Plaintiff's land without permission, cut down the gate using a blowtorch, and tossed the gate aside. It is undisputed that Defendants did not, at any point, take the gate into their possession.

It is clear that the Fourth Amendment does not prohibit all seizures. Rather, it prohibits only those seizures that are objectively unreasonable. *See* U.S. CONST. amend. IV.; *Soldal v. Cook Cnty., Ill.,* 506 U.S. 56, 71 (1992). The Court is skeptical of the proposition that damage to private property, done by public employees at the direction of the governing body of a county, following a hearing, constitutes an unreasonable seizure. *See New Jersey v. T.L.O.,* 469 U.S. 325, 341 (1985)(reasonableness inquiry requires "careful balancing of governmental and private interests"). Accordingly, Plaintiff's ownership status with respect to Lanham Lane may be inconsequential to the disposition of her remaining Fourth Amendment claim. Rather than, at this time, engaging in further discovery to resolve what appears to be a purely legal issue, the Court directs the parties to submit briefs, limited to a discussion of the reasonableness of Defendants' actions with respect to Plaintiff's gate.

Accordingly, **IT IS ORDERED:**

**(1)** that Plaintiff's Fourth Amendment claim for the seizure of Lanham Lane is **DISMISSED WITH PREJUDICE;**

**(2)** that Defendants' motion to dismiss for lack of jurisdiction, [DE 46], is **DENIED**, in accordance with the Court's Memorandum Opinion and Order of May 6, 2011;

**(3)** that Defendants' motion to withdraw or amend responses, [DE 42], is **GRANTED;**

**(4)** that Plaintiff's motion for extension of time to complete discovery, [DE 44], is **DENIED WITHOUT PREJUDICE**;

**(5)** Plaintiff shall submit to the Court, on or before **March 9, 2012,** a memorandum, limited to the sole issue of the reasonableness of Defendants' actions with respect to her gate;

**(6)** Defendant shall submit to the Court its response on or before **March 23, 2012;** and

**(7)** Plaintiff shall submit her reply, if any, on or before **March 30, 2012.**

This the 24th day of February, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge