UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

DONNA SCOTT,                    )
                                )
    Plaintiff,                  ) Civil Action No. 5:08-cv-273
                                )
v.                              )
                                )
GARRARD COUNTY FISCAL COURT,    ) **MEMORANDUM OPINION AND ORDER**
    et al.,                     )
                                )
    Defendants.                 )
                                )
                                )
                                )

    \*\*   \*\*   \*\*   \*\*   \*\*

    This matter is before the Court upon its own motion. At this time, Plaintiff's only remaining claim is based upon what she characterizes as Defendants' seizure of a gate, in violation of the Fourth Amendment. Because the Court had doubts that this purported seizure created a cognizable claim under the Fourth Amendment, the Court ordered the parties to submit briefs discussing the reasonableness (or lack thereof) of Defendants' actions with respect to the gate. [*See* DE 60]. The parties have now briefed the issue, [*see* DE 61, 62, 64], and, accordingly, this matter is ripe for decision. For the following reasons, the Court will dismiss Plaintiff's remaining claim against Defendants.

    In response to the Court's briefing Order, Defendants provided various unpersuasive reasons that Plaintiff's remaining

federal claim should be dismissed. First, they argue that no Fourth Amendment violation could have occurred, because Plaintiff had no privacy interest in the gate. As Plaintiff correctly points out, however, no privacy interest is necessary to establish a seizure that is otherwise prohibited by the Fourth Amendment. *See Soldal v. Cook Cnty., Ill.,* 506 U.S. 56, 62-63 (1992). Defendants also argue that Plaintiff's interest in the gate is insufficient to establish a property interest worthy of Fourth Amendment protection. In support of this notion, Defendants point out that Plaintiff did not purchase the gate, but rather, a neighbor purchased the gate and installed it with the help of Plaintiff's former husband. Contrary to Defendants' assertion, however, Plaintiff's Complaint establishes a possessory interest in the gate, as she avers that it was located on her private property and that she had authority to exercise control over it. *See U.S. v. Elmore,* 304 F.3d 557, 560-61 (6th Cir. 2002)(distinguishing possessory interest from ownership). There can be no doubt that any possessory interest that Plaintiff had in the gate was disrupted when the gate was removed by Defendants.

This case has troubled the Court for too long. Plaintiff has asserted a host of constitutional claims, all of which are meritless under the circumstances. Plaintiff has attempted to smuggle into federal court what are, in essence, common issues

of state law by painting them as constitutional violations. In the course of dismissing the majority of Plaintiff's claims, we have explained the various reasons why those claims were not properly before this Court. As for Plaintiff's remaining claim with respect to the gate, the Court has become increasingly aware that something is just not right. Based on our skepticism, the parties were required to submit briefs on the reasonableness of Defendants' actions, but unfortunately, neither party got to the heart of the issue in doing so. Time and time again the Court has reviewed the record in an attempt to pin down the problem and, now, no thanks to the pleadings of either party, knows what the trouble is. It is the character of the gate itself. The plain language of the Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. CONST. amend. IV. Clearly, the gate is not a person, nor is it a paper. Further, for the same reasons that apply to Lanham Lane itself, the gate cannot be considered part of Plaintiff's home or its curtilage. [*See* Court's Memorandum Opinion of February 24, 2012, DE 60]. So, if Plaintiff is to receive any Fourth Amendment protection with respect to the gate, it must be because the gate is an "effect." For the following reasons, it

3

is not and, therefore, Plaintiff's claim fails as a matter of law.[1]

In *Allinder v. State of Ohio,* 808 F.2d 1180 (6th Cir. 1987), plaintiffs challenged an Ohio law that allowed state officials to conduct warrantless searches of apiaries and other beekeeping areas. In determining that apiaries are "effects" under the Fourth Amendment, the court reasoned that, not only were the apiaries commercial property, they were movable, personal property, which were, in fact, moved from time to time. *Id.* at 1186. As such, the court determined that they were "expressly afforded protection by the fourth amendment." *Id.* (citing *Oliver v. U.S.,* 466 U.S. 170, 177 (1984)("The Framers would have understood the term 'effects' to be limited to personal, rather than real, property.")); *see also Altman v. City of High Point, N.C.,* 330 F.3d 194, 201 (4th Cir. 2003)(internal citation omitted)("[E]ffects referred only to personal property, and particularly to goods or moveables.").

Under Kentucky law, fixtures are considered part of the realty to which they are attached and, thus, they are subject to the same rights as the real property itself. *Southern Indus., LLC v. Maxine, LLC,* No. 2008-CA-002311-MR, 2009 WL 4060698, at

---

[1] The Court expresses no opinion as to any possible state law claim that Plaintiff may have for physical damage done to the gate itself. That issue, however, is for another day in some other court.

4

*2 (Nov. 25, 2009 Ky. Ct. App.)(unpublished opinion)(citing *Pennington v. Black,* 88 S.W.2d 969, 973 (Ky. 1935)). To analyze Plaintiff's rights as to the gate without considering the gate's relationship to Lanham Lane would be a fiction in which the Court is not inclined to indulge. While it is true that the gate – in and of itself - is movable property, Plaintiff did not intend for it to be such when she had it installed it across Lanham Lane. The test for identifying fixtures involves three factors, which include: "[f]irst, annexation to the realty, either actual or constructive; second, adaption or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and third, intention to make the article a permanent accession to the freehold." *Id.* (citing *Doll v. Guthrie,* 24 S.W.2d 947, 948 (Ky. 1929)). According to Plaintiff's Complaint, she "installed a locking gate across Lanham Lane," which Defendants removed by cutting it from its posts with a blowtorch. Also, according to Plaintiff, the gate's intended purpose was dependent upon its physical annexation to Lanham Lane – namely, to restrict access to what Plaintiff contends is her private property. The most heavily weighted factor, however, is the intention of the party that has made the annexation. *Id.* at *3. Plaintiff does not contend, and it is illogical to think, that her installation of the gate was intended to be anything other than a permanent change to

5

Lanham Lane. Based on the foregoing, the Court concludes that the gate, considering its use at the time of the purported seizure, is properly considered a fixture rather than an effect. Because fixtures, aside from those located within a home or its curtilage, are not within the realm of protection afforded under the Fourth Amendment, Plaintiff's claim with respect to the gate fails as a matter of law and will be dismissed with prejudice.

In addition to her claims arising under federal law, Plaintiff brings several state-law claims pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). But, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996); *see also* 28 U.S.C. § 1367(c)(3)(a district court may decline to exercise supplemental jurisdiction when it has "dismissed all claims over which it ha[d] original jurisdiction."). As discovery has not been completed and the Court sees no other factors that weigh in favor of retaining supplemental jurisdiction over the state law claims, Plaintiff's claims arising under state law will be dismissed without prejudice. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211-12 (6th Cir. 2004)(discussing the exercise of supplemental jurisdiction when no federal claims remain).

6

Accordingly, **IT IS ORDERED:**

1) that Plaintiff's Fourth Amendment claim for the seizure of her gate is **DISMISSED WITH PREJUDICE;** and

2) that Plaintiff's claims arising under state law are **DISMISSED WITHOUT PREJUDICE.**

Additionally, the Court will recapitulate its previous dispositions of Plaintiff's other claims:

1) On January 20, 2012, Plaintiff's Due Process and Takings claims, brought under the Fifth and Fourteenth Amendments, were dismissed without prejudice;

2) On February 6, 2012 Plaintiff's Equal Protection claim, brought under the Fourteenth Amendment, was dismissed without prejudice; and

3) On February 24, 2012, Plaintiff's claim for the seizure of Lanham Lane, brought under the Fourth Amendment, was dismissed with prejudice.

A separate judgment, in accordance with all of the foregoing rulings, will issue.

This the 4th day of April, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge